FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:36 am, Jul 07, 2025
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01592

ANTONIO MILLER,
Plaintiff,
v.
CITY AND COUNTY OF DENVER,
Defendant.

---

**MOTION FOR SUMMARY/PARTIAL JUDGEMENT**

---

**I. INTRODUCTION**

Plaintiff Antonio Miller, appearing pro se, respectfully moves this Court for summary judgment under Fed. R. Civ. P. 56. The undisputed material facts show that the City and County of Denver violated Plaintiff's rights under the Servicemembers Civil Relief Act (SCRA) and the Due Process Clauses of the U.S. and Colorado Constitutions. The City unlawfully seized and sold Plaintiff's property while he was on active military duty, without a court order, notice, or representation. Summary judgment is appropriate when the pleadings and supporting documents clearly demonstrate that no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); Cotter Corp. v. Am. Empire Surplus Lines Ins. Co., 90 P.3d 814 (Colo. 2004). Under Lujan v. National Wildlife Federation, 497 U.S. 871 (1990), summary judgment is appropriate even before discovery when further evidence would not change the legal outcome.

**II. STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff was on active duty in the U.S. Army from April 18, 2023, to October 27, 2023.

**Exhibit 1**

2. He is the sole owner of Penthouse Enterprise, a disregarded entity under federal law.

3. Miller as owner and managing operator is liable under DRMC § 1-15(a) and/or DRMC § 1-15 (b) as Principal Officer for Tax Compliance. DRMC § 53-2 (a)(6)(9) definition of taxpayer includes any person (acting in fiduciary or representative capacity). **Exhibit 6**

4. On or about June 7, 2023, the City seized and auctioned personal property owned by miller, while Plaintiff was deployed. City Rep Chapman was notified prior to Miller leaving.

5. The City did not obtain a court order before seizing and selling the property.

6. The City did not file an affidavit of military service as required by 50 U.S.C. § 3931(b)(1).

7. The City did not appoint counsel for Plaintiff per 50 U.S.C. § 3931(b)(2).

8. The city did not stay proceedings as required under 50 U.S.C. § 3931(d).

9. The seized property was personally owned by Plaintiff and exempt from execution under federal law.

10. Plaintiff received no notice of the tax proceedings while on duty, violating procedural due process.

11. The alleged tax debt was approximately $2,000, yet the City seized over $150,000 worth of property.

12. Plaintiff estimates his loss at over $10 million in future income.

13.    Plaintiff's income revenue was treated as personal under federal law, making the seizure a personal deprivation.

14.    Notice of Violations and Claim Provided. **Exhibit 2**

**III. LEGAL STANDARD**

Under Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party may prevail on summary judgment by showing the opposing party lacks evidence to support its case. Under Lujan v. National Wildlife Federation, 497 U.S. 871 (1990), summary judgment is appropriate even before discovery when further evidence would not change the legal outcome.

**IV. ARGUMENT**

*The City Violated the Servicemembers Civil Relief Act under the First Claim of the SAC.*

The City violated 50 U.S.C. § 3991 of the SCRA by seizing and selling Plaintiff's personal property used for business purposes without obtaining a **court order** or determining whether military service materially affected Plaintiff's ability to pay. This section applies broadly to **any tax or assessment**, excluding **only** personal income tax, and protects both **real and personal property** used by servicemembers for 'business' before and during active duty.

Under **DRMC § 53-28(a)(1)**, property may be seized for taxes unless exempted by federal law—here, SCRA clearly prohibits such sales without judicial authorization during military service.

3

Additionally, 50 U.S.C. §§ **3931, 3912, and 3913** require procedural safeguards in **administrative tax proceedings**, including mandatory **stays**, attorney appointment, and military status affidavits. Plaintiff received none of these protections. The City's actions bypassed these requirements, directly violating the statute.

In addition to being the taxpayer under city code by just carryout out fiduciary responsibilities DRMC § 53-2 (a)(6)(9), as the owner and managing operator, Miller assumed joint and several liability for the tax obligations under DRMC § 1-15(a) and/or § 1-15(b). Case law—including *SSR v. Fifth Third Bank*, *Batie v. Subway*, and *Robins Farm*—supports the application of SCRA protections to business-related obligations where the servicemember bears personal liability.

The City unlawfully seized and sold property without a court order, in direct violation of Plaintiff's rights under the SCRA. Whether the taxes were assessed directly in the Plaintiff's name is immaterial, as municipal law holds the Plaintiff liable for their payment regardless. **United States v. Galletti**, **541 U.S. 114 (2004). DRMC § 1-13(g). DRMC § 53-28(b**). See *Exhibit 3 & 4 shows how enforcement actions extend without separate assessment in Colorado likewise in city of Denver.* **The notice clearly stated that a wage garnishment would be initiated if the entity's sales tax was not paid by the specified deadline, which is also reflected on the pay slip "State Tax Levy" included in the exhibit 4.**

There is no genuine dispute of material fact—summary judgment on this claim is warranted. The tax assessment and lien enforcement should be made void and invalid.

*The City Violated the Servicemembers Civil Relief Act under the Second Claim of the SAC.*

The City violated 50 U.S.C. § 3958 of the **Servicemembers Civil Relief Act (SCRA)** by enforcing a **tax lien** on Plaintiff Miller's personal property during active duty without obtaining a **Judicial order**, as required by federal law. Section 3958 broadly prohibits enforcement of **any lien**—including tax liens as it wasn't exempted—during a servicemember's military service and for 90 days thereafter unless a court order is obtained. *Linscott v. Vector Aerospace\*\*, (D.Or.2006), Civil Action No. CV05-682-HU, 2006 WL 1310511.*

The statute's inclusion of liens "**for any other reason**" clearly encompasses tax liens, and Denver's enforcement actions fall squarely within that scope. The City seized property owned by Plaintiff without judicial oversight, resulting in damages exceeding **$10 million**.

Further, under **50 U.S.C. § 3913**, SCRA protections extend to **business entities** jointly liable with the servicemember. *SSR v. Fifth Third Bank\*\* CA2009-11-153 2010.* As a **disregarded single-member LLC**, Penthouse Enterprise's liability is also inseparable from Miller's, per *McNamee v. IRS*. Even though the entity is not asserting claims, Miller is entitled to relief for damages stemming from the City's failure to obtain a court order or stay proceedings—both of which are required under the SCRA.

Finally, **50 U.S.C. § 3935(b)** confirms that even if the codefendant not an active-duty service member as in case of (Penthouse Enterprise), the court still must issue an order to proceed. No such order was obtained in the administrative proceedings. However, the entity is not asserting any claims at this moment.

The City's enforcement of a tax lien during Plaintiff's active service without a judicial order directly violates **SCRA § 3958.** There is no **Genuine** dispute with material facts, and Plaintiff is entitled to judgment as a matter of law. The tax assessment and lien enforcement should be made void and invalid.

*The City Violated the Servicemembers Civil Relief Act under the Third Claim of the SAC*.

Plaintiff Miller seeks equitable relief under the **Servicemembers Civil Relief Act (SCRA)** due to multiple procedural violations by the City of Denver in enforcing a tax assessment while he was on active duty.

The tax assessment constituted an **administrative proceeding** subject to SCRA protections (50 U.S.C. § 3912). Despite Miller being **personally liable** under DRMC § 1-15(a) and/or § 1-15(b) or as the taxpayer in a fiduciary capacity DRMC § 53-2 (a)(6)(9)  and according to (DRMC 53-25, 53-27) and Municipal and Colorado Rules of Civil Procedure 106(a)(4) is legally entitled to dispute in petition and hearing as supported by *McNamee v. IRS* due to his status as the sole owner of a disregarded LLC—the City failed to provide required protections therefore, the tax assessment and tax lien should be voided.

**Violations:**

1. **No Affidavit of Military Service (§ 3931(b)(1))**:
    The City never filed the mandatory affidavit confirming Miller's military status before city manager or hearing officer ordered the assessment to become final by default even

though Miller is legally entitled to defense against the tax assessment in the administrative proceedings.

2. **No Counsel Appointed (§ 3931(b)(2))**:

The City failed to appoint an attorney to represent Miller, as required when a servicemember does not appear in proceedings.

3. **No Mandatory Stay Issued (§ 3931(d))**:

The City did not stay the proceeding for the required 90 days, depriving Miller of time to mount a defense.

4. **Due Process Violations**:

Miller was never notified or given a meaningful opportunity to contest the assessment, despite being the liable party. This violates both SCRA intent and constitutional due process.

5. **Improper Action Against Co-Defendants (§ 3931(e))**:

The City proceeded collectively against Miller and the business entity without a court order—impermissible under the SCRA. The entity is not asserting claims, but enforcement still impacted Miller directly.

*The City Violated Due Process.*

Plaintiff Antonio Miller alleges that the City and County of Denver violated his **procedural and substantive due process rights** under both the **U.S. Constitution (14th Amendment)** and the **Colorado Constitution (Art. II, § 25)** by seizing his property without proper notice, hearing, or legal safeguards while he was on active duty.

**Procedural Due Process Violations:**

- The City failed to serve notice or provide Miller a hearing before issuing a final tax assessment and seizing assets—despite his active-duty status and personal liability as the owner of a disregarded entity as taxpayer in fiduciary DRMC § 53-2 (a)(6)(9) or DRMC 1-15(a)&(b) (*McNamee v. IRS*). **Hanson v. Colorado Department of Revenue\*\* 140 P.3d 256 (2006) or Exhibit 3 & 4.**

- No affidavit of military service or appointment of counsel was made in accordance with SCRA in the local code procedures (DRMC 53-25, 53-27), Colorado Rules of Civil Procedure 106(a)(4), **(Exhibit 6)** further depriving Miller of fair participation. These actions violate the standard established in *Fuentes v. Shevin*, 407 U.S. 67 (1972), and *Armstrong v. Manzo*, 380 U.S. 545 (1965), **Londoner v. City and County of Denver**, 210 U.S. 373 (1908), which require notice and an opportunity to be heard before deprivation of property in administrative proceedings. The denial of due process of law by municipal authorities amounts to a denial by the state.

**Substantive Due Process Violation:**

- The City's enforcement was grossly disproportionate: a $2,000 tax liability resulted in the seizure and sale of property worth over $150,000—causing an estimated $10 million in lost potential income.

- This action was arbitrary, oppressive, and shocks the conscience, meeting the standard for a **substantive due process** violation.

8

The City violated Miller's due process rights by failing to provide basic procedural protections before depriving him of substantial personal property while on active military duty. No material facts remain in dispute, and summary judgment is warranted. The tax assessment and lien enforcement should be made void and invalid.

***No Discovery Is Needed – Summary Judgment Is Proper.***

Under Lujan, when material facts are not in genuine dispute and discovery would not affect the outcome, summary judgment may proceed. The City's violations are established by the public record and Discovery cannot alter the fact that the City failed to comply with the SCRA.

Plaintiff Meets the Celotex Standard

Plaintiff has shown that the city has no evidence to justify its actions under federal law. The absence of an affidavit and assigning an attorney during the administrative proceedings, judicial order, or due process protections is undisputed. The burden shifts, and Defendant cannot meet it. The City introduced yet another irrelevant and baseless argument by misapplying the provisions of the SCRA with the following statement:

''To state a claim for relief under the SCRA, a plaintiff must show: (1) an interest at a rate above six percent (2) assessed against a servicemember while on active duty (3) based on delinquent taxes relating to "property ... owned individually by a servicemember or jointly by a servicemember and a dependent or dependents."

The idea that compliance with one section of the Servicemembers Civil Relief Act (SCRA) shields a party from liability under a different, unrelated section is legally flawed. Each provision of the SCRA stands on its own, **(Exhibit 5)** shows several cases with distinct purposes and enforcement rules. Suggesting that honoring the interest rate cap under 50 U.S.C. § 3937 excuses

9

a violation of lien protections under § 3958 is like claiming that paying taxes exempts someone from jury duty—completely unrelated.

This reflects a basic misunderstanding of statutory interpretation. The SCRA does not contain a general compliance clause. Courts have repeatedly affirmed that each section must be followed independently. Reducing interest rates does not waive the clear requirement under § 3958 for a court order before enforcing any lien during active duty. Hence, the plaintiff had separated all three claims under the SCRA, statues and should be analyzed separately and independently.

Reading the SCRA this way undermines its purpose. Its protections are not interchangeable or cumulative—they are individually mandatory. Courts consistently hold that the statute must be liberally construed to guard against precisely this kind of misinterpretation. **Le Maistre v. Leffers**, 333 U.S. 1 (1948).

Here, all relevant events—Miller's active-duty status, the absence of a judicial order, lack of an affidavit and notice, lack of appointment of attorney or filing bond, lack of hearing and stay proceedings in the seizure of property—are matters of record and public action by the Defendant. **Discovery cannot retroactively cure the City's failure to comply with the federal law.** Thus, under Lujan, the motion is ripe, and discovery is not a barrier to judgment as a matter of law.

V. CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court Grants Plaintiff Motion for Summary Judgement on facts and for the tax assessment to be voided.

(a) Declaratory Judgment.

(b) Compensatory Damages.

(c) Statutory Damages and Penalties.

(d) Consequential Damages

(e) Punitive Damages.

(f) Attorney's fees and cost.

(g) Restitution for emotional distress and any additional relief the Court determine just and appropriate.

Respectfully submitted on 7th day of July 2025

Antonio Miller
2100 Welton Street, #1123
Denver, CO 80205
ahmillerjam@gmail.com
(970) 409-0525

**CERTIFICATE OF SERVICE**

I hereby certify that on 7th day of July 2025, I electronically served a copy of this Response to the Motion on the following Parties and/or Counsel of Record:

*Raana V. Haidari*

*City and County of Denver*

*201 W. Colfax Ave., Dept. 1207*

*Denver, Colorado 80202-5332*

Raana.Haidari@denvergov.org

Matthew J. Mulbarger, Atty. No. 51918

Assistant City Attorney

City and County of Denver

201 West Colfax Avenue, Dept. 1207

Denver, CO 80202-5332

(720) 913-3275

matthew.mulbarger@denvergov.org