

# CITY & COUNTY OF DENVER, COLORADO

## DEPARTMENT OF FINANCE

*TREASURY TAX RULE 007*

## RULES GOVERNING HEARINGS BEFORE THE MANAGER OF FINANCE

EFFECTIVE 4/1/2021

The following Rules are promulgated in accordance with the requirements of Section 53-3 of the *Denver Revised Municipal Code* ("D.R.M.C.") and by virtue of the authority vested in the Manager of Finance by Articles I through VIII of Chapter 53 of the D.R.M.C.

1. **Definitions**

As used in these Rules, the definitions in Chapter 53 of the D.R.M.C. shall apply, unless the context clearly requires a different meaning. The following terms shall have the following meanings:

   A. "Closely Held Entity" means any entity, as defined in §13-1-127 and § 7-90-102(20), C.R.S., with no more than three owners.

   B. "Hearing Officer" means the Manager of Finance or any person designated by the Manager of Finance to conduct hearings.

   C. "Manager" means the Manager of Finance of the City and County of Denver or the Manager of Finance's designee.

   D. *"*Person*"* means any individual, firm, partnership, joint venture, corporation, limited liability company, estate or trust, receiver, trustee, assignee, lessee or any person acting in a fiduciary or representative capacity, whether appointed by court or otherwise, or any group or combination acting as a unit.

   E. "Taxes" shall mean monies due from a Taxpayer under any of the following articles of Chapter 53 of the D.R.M.C: II (City Sales Tax Article), III (City Use Tax Article), IV (City Lodger's Tax Article), V (Employee Occupational Privilege Tax Article), VI (Business

1

Occupational Privilege Tax Article), VII (Facilities Development Admission Tax Article) and VIII (Telecommunications Business Tax Article), except where the context is limited to sales and use taxes.

F. "Taxpayer" means any person obligated to collect and/or pay tax under the terms of Chapter 53 of the D.R.M.C.

## 2. Form of Petitions

Petitions filed with the Manager shall be in writing, shall be clearly designated as a petition, and shall contain the following information:

A. The amount and type of tax involved and the time during which it accrued.

B. The date of the assessment or the date of the decision to deny or reduce a claim for refund of taxes paid.

C. A plain, concise statement of all claims asserted by the Taxpayer as the basis of the petition.

D. A plain, concise statement of all facts asserted by the Taxpayer in support of each claim.

E. A plain, concise statement of all points of law relied on by the Taxpayer in support of each claim, citing pertinent statutes, ordinances, regulations, cases and other authority.

F. The name, mailing address, telephone number, and e-mail address for the Taxpayer; the Taxpayer's agent; and the Taxpayer's attorney.

G. A signed statement or attestation by the person filing the petition that the information contained in the petition is true and correct based upon the information and belief of that person.

Compliance with the above requirements is mandatory, and in the event of noncompliance, the Manager may impose any appropriate sanction, including, but not limited to, issuing orders for more definite statement or dismissing the petition.

## 3. Time for Filing Petitions

Petitions shall be filed with the Manager within thirty (30) days from the date of the assessment or the date of the decision to deny or reduce a refund claim. Neither the Manager nor the Manager's employees or agents, including the Hearing Officer, is empowered to extend the deadline for filing a petition.

**4.   Methods for Filing Petitions**

Petitions may be filed with the Manager by hand-delivery at the physical location designated by the Manager; by e-mail using the e-mail address designated by the Manager; or by mail at the general mailing address designated by the Manager.

**5.   Filings**

- A.   All filings must be received by the Manager during normal business hours, 8:00 a.m. to 5:00 p.m. Mountain Time, Monday through Friday. Any filings received after normal business hours shall be deemed to be filed as of 8:00 a.m. Mountain Time, the following business day. If the due date falls on a Saturday, Sunday, legal holiday, or any other day the City is lawfully closed, the due date shall be extended to 5:00 p.m. Mountain Time, on the next business day.

- B.   Filings made by United States Mail shall be deemed to be filed on the date of the postmark stamped on the envelope in which the document was mailed.

**6.   Service and Proof of Service of Documents**

- A.   All pleadings, motions, briefs, or documents filed with the Manager shall be served upon every party in the case. The filing party may serve the opposing party by e-mail, mail, or hand-delivery to the party's last known address, or if represented, to their attorney's last known address.

- B.   All filings with the Manager shall include a certificate of service.

- C.   A certificate of service shall create rebuttable presumption of the matter served.

**7.   Documents Must Be Legible**

All petitions, pleadings, motions, briefs, and other documents filed with the Manager shall be legible and if Manager determines that they are not legible, the Manager may refuse to accept the filing. If the Manager refuses to accept the filing, the Manager shall promptly notify the Taxpayer of such refusal and the reasons therefore. Neither the Manager nor any of the Manager's employees or agents, including the Hearing Officer, is empowered to extend the deadline for the filing which has been refused.

**8.   Representation Before the Manager**

- A.   A Taxpayer that is a natural person may appear at the hearing on his or her own behalf or be represented by an attorney admitted to practice law in any of the United States.

- B.   A Taxpayer that is not a natural person **must** be represented at the hearing by an attorney admitted to practice in any of the United States **unless** it is a Closely Held Entity.

3

    C. A Closely Held Entity may be represented at the hearing by an officer of the Closely Held Entity, if: (1) the amount at issue before the Manager does not exceed ten thousand dollars ($10,000.00), exclusive of costs, interest, or penalties; and (2) the officer provides the Manager, at or prior to the hearing, with evidence satisfactory to the Manager of the authority of the officer to appear on behalf of the Closely Held Entity in all matters within the jurisdiction of the Manager.

**9. Hearing Officers**

    A. Unless the Manager orders otherwise, all matters submitted to the Manager for review shall be referred to a Hearing Officer.

    B. Upon being assigned a petition, the Hearing Officer shall have the sole responsibility for making a final determination regarding the petition. The Hearing Officer shall be charged with performing all functions necessary and incidental to making the final determination, including, but not limited to: administering oaths; taking testimony; hearing arguments; ruling on motions, including motions for discovery; ruling on objections; and issuing subpoenas The Hearing Officer shall generally conduct the hearing as a quasi-judicial proceeding in conformance with the procedures and time limits set forth in the particular tax ordinance involved.

    C. The Hearing Officer may, in its discretion, require the parties to furnish such additional information as the Hearing Officer determines necessary to frame the issues prior to the hearing, such as stipulated and disputed facts; lists of exhibits; lists of witnesses; and law relied upon. No *ex parte* communications with the Hearing Officer shall take place except in accordance with accepted practice in Colorado courts of general jurisdiction.

**10. Motions**

Written motions involving a contested issue of law shall be accompanied by a statement of supporting legal authority. The responding party shall have seven (7) days, or such other time as the Hearing Officer may allow, in which to file a response.

**11. Dismissal of Petition**

Whenever it appears that a matter pending before the Manager involves a question over which the Manager does not have jurisdiction, the matter may be dismissed on the Manager's own motion or on a motion of any party.

**12. Hearing Location and Notice of Hearing**

    A. All hearings shall be conducted at the Wellington E. Webb Building (201 West Colfax Avenue, Denver, Colorado), unless the Hearing Officer orders otherwise. In addition, hearings may be conducted by telephone, video, or other means of communication.

4

    B.    The Hearing Officer shall notify the Taxpayer, the City Attorney's Office, and the Tax Compliance Section in writing of the time and place and/or manner fixed for the hearing, at least twenty (20) calendar days prior to the hearing.

## 13. Requests to Continue Hearing

All requests to continue a hearing shall be for good cause, in writing, and received by the Hearing Officer not less than ten (10) days prior to the date scheduled for the hearing.

## 14. Exchange of Documentary Evidence

    A.    Unless the Hearing Officer orders otherwise, all parties shall file with the Hearing Officer a witness list and copies of all exhibits to be used at the hearing at least seven (7) days prior to the date scheduled for the hearing. All exhibits shall be paginated. The Taxpayer's exhibits shall be identified by letters. The City's exhibits shall be identified by numbers.

    B.    The Hearing Officer will not accept any information (testimony or exhibits) not filed by the due date listed in Rule 14.A, except as the interests of justice and fairness dictate in the Hearing Officer's discretion.

## 15. Order of Proceedings at Hearing

The order of proceedings in hearings shall be as follows:

a. Docket call by the Hearing Officer.

b. Opening statement by the Taxpayer followed by an opening statement by the City, unless waived by either party or reserved by City until the opening of the City's case.

c. The City may be represented either by an employee of the Tax Compliance Section or the City Attorney's Office.

d. Presentation of evidence by the Taxpayer, allowing cross-examination by the City.

e. Presentation of evidence by the City, allowing cross-examination by the Taxpayer.

f. The Hearing Officer may at any time ask questions of any witness.

g. Rebuttal and surrebuttal evidence, if any.

h. Closing argument by the Taxpayer followed by closing argument from the City with the opportunity to reply by the Taxpayer. Either party may elect to submit written briefs in addition to or in lieu of closing argument. If either party elects to submit a written brief,

5

then the other party shall be permitted to file an answer brief. The schedule for filing such briefs shall be set by the Hearing Officer.

**16.   Formal Rules of Procedure and Evidence Not Applicable**

The conduct of the hearing and the admission of evidence shall generally be in accordance with these rules without regard to whether they conform to common-law or statutory rules of procedure or evidence or other technical rules and provided that the rules of evidence, to the extent applicable, shall conform generally with those in civil, non-jury cases in the District Court for the State of Colorado. The admissibility of evidence shall be encouraged, however, and the Hearing Officer shall be guided in receiving evidence by the provisions of the State Administrative Procedure Act.

**17.   Burden of Proof**

In all matters, the Taxpayer shall have the burden of proof to show by a preponderance of the evidence the correctness of the position of the Taxpayer.

**18.   Testimony Under Oath**

All testimony shall be given under oath administered by the Hearing Officer.

**19.   Copies**

Properly authenticated copies may be admitted into evidence or substituted in evidence in place of original documents.

**20.   Hearing Shall Be Recorded**

All hearings shall be recorded in any manner permitted by law, including but not limited to, a certified court reporter or by electronic means. A transcript need not be made unless requested by a party. Transcripts of such record shall be made at the expense of the party requesting the transcript. The non-requesting party shall pay the copy fee if a copy is requested.

**21.   Rule Specific to Petitions Involving Sales Tax and Use Tax**

Rule 21 is applicable solely to petitions challenging an assessment or a decision to deny or reduce a refund claim of the taxes imposed by Article II (City Sales Tax Article) of Chapter 53 of the D.R.M.C. or Article III (City Use Tax Article) of Chapter 53 of the D.R.M.C.

    A.  A hearing, if any, shall be held and a final order or decision issued within one hundred eighty (180) days from the date a petition is received by the Manager, unless the Taxpayer and the Manager agree in writing: (1) that the hearing shall be held and a final order or decision issued within such further agreed time or (2) that no hearing shall be held before the Manager, in which case, the Taxpayer may pursue further review in accordance with D.R.M.C. § 53-25.

6

    B. If none of the events described in Rule 21.A. has occurred, the Manager may notify the Taxpayer in writing that the Manager does not intend to conduct a hearing, in which case, the Taxpayer may pursue further review in accordance with D.R.M.C. § 53-25.

    C. If none of the events described in Rule 21.A. or 21.B. has occurred, the Taxpayer may pursue further review in accordance with D.R.M.C. § 53-25 any time after one hundred eighty (180) days or such further agreed time has passed.

22. **Rule Specific to Petitions Involving Emergency Telephone Charges**

    A. Treasury Tax Rule 007 – Rules Governing Hearings before the Manager of Finance – shall be the rules used in hearings involving challenges to assessments of Emergency Telephone Charges imposed by Article II, Chapter 16 of the D.R.M.C., with the following modifications:

        1. The term "Taxes" used in Treasury Tax Rule 007 shall be read as "Emergency Telephone Charge," as that term is used in Article III, Chapter 16 of the D.R.M.C. and

        2. The term "Taxpayer" used in Treasury Tax Rule 007 shall be read as "Service Supplier," as that term is used in Article III, Chapter 16 of the D.R.M.C.

    B. The Service Supplier may pursue further review of the Manager's final order or decision in accordance with Article III of Chapter 16 of the D.R.M.C.

23. **Failure to Attend Hearing**

Absent good cause, if a Taxpayer fails to attend a hearing, the Hearing Officer shall dismiss the Taxpayer's petition, award costs and such other relief as the Hearing Officer finds appropriate. The award of costs shall be collected in the same manner as the tax, penalty, and interest at issue in the case.

24. **Severability of Rules**

In the event that any provision of these rules or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect any other provision or application, and to this end, the various provisions of these rules are declared to be, and are, severable.

25. **Rules Supersede Previously Issued Rules**

The above rules supersede any conflicting rules previously issued by the Manager governing hearings.

**BY ORDER OF THE MANAGER OF FINANCE**

**BRENDAN J. HANLON**
Manager of Finance

Approved by the City Attorney this 22nd day of March, 2021.

**KRISTIN M. BRONSON**
City Attorney

By
**CHARLES T. SOLOMON**
Assistant City Attorney

TTR007